## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| LEPTON COMPUTING LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, and SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation,<br><br>Defendants. | )<br>)<br>)  C.A. No.:<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lepton Computing LLC ("Lepton") files this Complaint for Patent Infringement and Demand for Jury Trial against Samsung Electronics, Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Defendants") and alleges as follows:

## THE PARTIES

1.      Lepton is a Delaware Limited Liability Company with its principal place of business at 19 Morris Ave, Brooklyn, NY 11205.  Lepton developed and holds patents for flexible smartphones, a novel form of a smartphone with a foldable display.

2.      SEC is a multinational corporation organized under the laws of the Republic of Korea with its principal place of business at 129 Samsung-Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea.  SEC has approximately 230 subsidiaries, including Defendant SEA, which collectively with SEC operate four business divisions: Device eXperience Division, which designs, manufactures, and sells products such as Hand-Held Phones ("HHP"'s), which includes smartphones, as well as computers; Device Solutions Division, which

1

manufactures and sells DRAM, NAND flash, and mobile APs; Samsung Display which designs manufactures, and sells display panels, including mobile OLED panels; and Harman, which designs, manufactures, and sells products such as speakers and telematics.  Ex. 10 at 14.

3.      SEA regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, and as set forth below, has committed and continues to commit tortious acts of patent infringement within Texas, including the Eastern District of Texas.  Defendants maintain a regular and established place of business in this District through a permanent physical facility located at 6625 Excellence Way, Plano, Texas 75023.

4.      SEA is a wholly owned subsidiary corporation of SEC and a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  SEA has been registered to do business in Texas under File Number 0011028006 since at least June 10, 1996.  SEA may be served with process through its registered agent, CT corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.  SEA conducts business operations within this District through its office located at 6625 Excellence Way, Plano, Texas 75023; a retail store located at 2601 Preston Road, Frisco, Texas 75034; and a support center located at 3580 Preston Road, Suite 100, Frisco, Texas 75034.  SEA markets and sells products, including consumer electronics and mobile devices, throughout the United States, including in this District, and introduces products into the stream of commerce that incorporate infringing technology knowing that they would be sold in this District and elsewhere in the United States. SEA oversees domestic sales and distributions of Defendants' consumer and enterprise electronics products and networks, including the products accused of infringement in this case.

**JURISDICTION AND VENUE**

5. Jurisdiction and venue for this action are proper in this District.

6. This action for patent infringement arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* This Court has original subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b). Defendant SEC is a foreign corporation. Venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3).

8. This Court has personal jurisdiction over each Defendant at least because, through each Defendant's own acts and through the acts of the other Defendants acting as its agent, representative, or alter ego, they each (i) have a presence or a regular and established place of business in the State of Texas and this District; (ii) have purposefully availed themselves of the rights and benefits of the laws of the State of Texas and this District; (iii) have done and are doing substantial business in the State of Texas and this District, directly or through intermediaries, both generally and with respect to the allegations in this Complaint, including their one or more acts of infringement in the State of Texas and this District; (iv) maintain continuous and systematic contacts in the State of Texas and this District; and (v) place products alleged to be infringing in this Complaint in the stream of commerce, directly or through intermediaries, with awareness that those products are likely destined for use, offered for sale, sold, and imported into the State of Texas and this District.

9. For example, Defendants have authorized retailers and distributors in the State of Texas and this District for the products alleged to be infringing in this Complaint, and

Defendants have derived substantial revenues from their infringing acts occurring within the State of Texas and this District.

10. Defendants have established sufficient minimum contacts with the State of Texas and this District such that they should reasonably and fairly anticipate being brought into this Court in the State of Texas and this District without offending traditional notions of fair play and substantial justice, and Defendants have purposefully directed activities at residents of the State of Texas and this District.  Moreover, the patent infringement claims alleged herein arise out of and are related to one or more of the foregoing activities. A substantial part of the events giving rise to Plaintiff's claims, including acts of patent infringement, have occurred in the State of Texas and this District.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b) because each Defendant is subject to personal jurisdiction in this District and has committed acts of infringement in this District.  Each Defendant, through its own acts and through the acts of each other Defendant acting as its agent, representative, or alter ego, makes, uses, sells, offers to sell, and imports infringing products within this District, has a continuing presence within this District, and has the requisite minimum contacts with this District such that venue is proper.

12. For example, SEA maintains a regular and established place of business in this District located at 6625 Excellence Way, Plano, Texas 75023 and has committed acts of infringement in this District, as described herein. SEA deems its Plano location a flagship campus.  Ex. 11 (https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus/).  SEA also employs full-time personnel, such as sales personnel and engineers, at its Plano campus.  *Id*. at 2; Ex. 12

(https://sec.wd3.myworkdayjobs.com/Samsung_Careers?locations=31fc7bab264601f2a48f9e5ec 5243c60).  Further, SEC directs and controls the actions of SEA such that it too maintains a regular and established place of business in this District located at 6625 Excellence Way, Plano, Texas 75023 and has committed acts of infringement in this District.  Additionally, venue is proper as to Defendant SEC, a foreign corporation, because suits against foreign entities are proper in any judicial district under 28 U.S.C. § 1391(c)(3).

13.     Further, Defendants have submitted to venue and the exercise of personal jurisdiction in this District in patent infringement actions previously filed by other parties.  *See, e.g.*, *The Rsch. Found. for the S.U.N.Y. v. Samsung Elecs. Co.*, No. 2:23-cv-00141, Dkt. No. 25, Answer, ¶¶ 11-20 (E.D. Tex. Aug. 10, 2023); *Cal. Inst. Tech v. Samsung Elecs. Co.*, No. 2:21-cv-00446, Dkt. No. 19, Answer, ¶¶ 13, 18 (E.D. Tex. Apr. 5, 2022); *Jawbone Innovations LLC v. Samsung Elecs. Co.*, No. 2:21-cv00186, Dkt. No. 27, Answer to Amended Complaint, ¶¶ 6, 7 (E.D. Tex. Dec. 9, 2021).

## LEPTON'S TECHNOLOGY & ASSERTED PATENTS

14.     Mr. Stephen Delaporte, Lepton's founder, is an innovator in the field of foldable and flexible mobile display devices.  He spent many years developing novel foldable and flexible mobile display technologies, for which Lepton holds many patents.  Mr. Delaporte began developing these inventions over a decade before any viable foldable phones were available on the market.  Prior to founding Lepton, Mr. Delaporte worked as a mechanical engineer on advanced technologies, including medical devices and robotics.

15.     Around 2008, Mr. Delaporte recognized that maximizing screen size would be critically important to the future of mobile devices and that the ability to unfold a mobile device to increase screen size on demand would be highly advantageous to users.  Following this

realization, he worked tirelessly for years to develop physical mockups of folding phones that allowed users to expand screen space when additional display area was desired.  He also developed many ideas that made these types of mobile devices possible and improved their operation.  As a result of these efforts, Lepton became the first American company to reveal a foldable, expandable mobile phone, known as the Lepton Flex.  *See* Ex. 13 (https://en.letsgodigital.org/foldable-devices/lepton-flex-flip-foldable-smartphones/) at 1–6.



**Lepton foldable smartphones are invented in the US**

*Id.* at 1.

16.    Lepton's patents include novel features including various configurations of foldable display devices, distinct hinge configurations, including a hinge aperture for preserving the radius of the display, the use of magnet sensors and a GUI for transitioning content between display states as well as turning the various display states on and off, magnetic latches, the integration of a flexible touch screen, the integration of flexible circuitry configurations, various foldable state latching and locking mechanisms among other features.  Indeed, Lepton

differentiated its smartphones from the market by offering users an economical smartphone with the benefit of being foldable, such that, the user has the ability to transition the between a traditional smartphone display and an expanded inner display, while retaining the formfactor and use of a traditional smartphone. *Id.* at 3.

17.    On June 29, 2021, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 11,048,299 (the "'299 Patent"), entitled "Graphical User Interface for Flexible Touch Screen Display Devices." A true and correct copy of the '299 Patent is attached as Exhibit 1.

18.    The '299 Patent generally discloses reconfigurable apparatuses with a rigid primary touch screen display, a flexible auxiliary touch screen display with folding configurations that include that can be reconfigured from a folded state to an expanded state, and the ability to determine, based upon the folded or expanded configuration upon, which display to generate an image.

19.    On June 29, 2021, the USPTO issued U.S. Patent No. 11,048,300 (the "'300 Patent"), entitled "Flexible and Rigid Touch Screen Display Computing Devices." A true and correct copy of the '300 Patent is attached as Exhibit 2.

20.    The '300 Patent generally discloses apparatuses with reconfigurable handheld touch screen devices with a rigid and/or flexible touch-sensitive OLED displays capable of multiple configurations (folded, expanded, or partially expanded), a hinge assembly, and a flexible circuit.

21.    On August 10, 2021, the USPTO issued U.S. Patent No. 11,086,361 (the "'361 Patent"), entitled "Flexible and Rigid Touch Screen Display Computing Devices." A true and correct copy of the '361 Patent is attached as Exhibit 3.

22.     The '361 Patent generally discloses apparatuses with reconfigurable handheld touch screen devices with a rigid and/or flexible touch-sensitive OLED displays capable of multiple configurations, integrated magnets, sensors, camera, microphone, and speaker, a flexible circuit, sliding structural support, and hinge assembly that provides space for the flexible touch-sensitive OLED screen to fold within.

23.     On August 17, 2021, the USPTO issued U.S. Patent No. 11,093,002 (the "'002 Patent"), entitled "Flexible Touch Screen Display Computing Devices."  A true and correct copy of the '002 Patent is attached as Exhibit 4.

24.     The '002 Patent generally discloses apparatuses with flexible and/or rigid displays that are reconfigurable into different states, sensors for indicating the state of the configuration, and a processor that uses the sensor signal to determine which screen to display an image on.

25.     On December 28, 2021, the USPTO issued U.S. Patent No. 11,209,863 (the "'863 Patent") entitled "Magnetic Configurations for Flexible Display Computing Devices."  A true and correct copy of the '863 Patent is attached as Exhibit 5.

26.     The '863 Patent generally discloses apparatuses that have a foldable touch screen display with multiple segments, a magnetic component, and a touch-sensitive interface that generates instructions by which the processor will use to display an image on one of the flexible display segments.

27.     On December 6, 2022, the USPTO issued U.S. Patent No. 11,520,377 B2 (the "'377 Patent") entitled "Flexible Touch Screen Display Computing Devices."  A true and correct copy of the '377 Patent is attached as Exhibit 6.

28.     The '377 Patent generally discloses apparatuses that have a flexible touch-sensitive display that have a folding radius and attaches to structural supports, a hinge connecting

8

the supports that has folding configurations and an aperture such that the flexible display can fit within when in the fully folded configuration.

29.    On December 6, 2022, the USPTO issued U.S. Patent No. 11,520,378 B2 (the "'378 Patent") entitled "Flexible Display Computing Devices."  A true and correct copy of the '378 Patent is attached as Exhibit 7.

30.    The '378 Patent generally discloses apparatuses that have a flexible touch-sensitive OLED display attached to structural support segments, a magnetic sensor, multiple folding configurations, and an aperture such that the flexible OLED display can fit within when in the fully folded configuration.

31.    On July 4, 2023, the USPTO issued U.S. Patent No. 11,693,450 B2 (the "'450 Patent") entitled "Flexible Display Computing Devices."  A true and correct copy of the '450 Patent is attached as Exhibit 8.

32.    The '450 Patent generally discloses apparatuses that have a flexible touch-sensitive OLED display attached to structural support segments, a folding radius, multiple folding configurations, and an aperture such that the flexible OLED display can fit within when in the fully folded configuration.

33.    On November 12, 2024, the USPTO issued U.S. Patent No. 12,140,998 B2 (the "'998 Patent") entitled "Flexible Display Computing Devices."  A true and correct copy of the '998 Patent is attached as Exhibit 9.

34.    The '998 Patent generally discloses apparatuses that have a flexible touch-sensitive OLED display attached to structural support segments with a folding radius and a fully folded configuration, a fully expanded configuration, and at least one partially expanded configuration.

35.     Lepton owns by assignment the entire right, title, and interest in and to the '299 Patent, the '300 Patent, the '361 Patent, the '002 Patent, the '863 Patent, the '377 Patent, the '378 Patent, the '450 Patent, and the '998 Patent (collectively, "the Asserted Patents"). The Asserted Patents list Mr. Delaporte as their inventor.

36.     All of the Asserted Patents are patent eligible, valid, and enforceable. The Asserted Patents disclose and specifically claim non-abstract, inventive concepts representing significant improvements over conventional systems for flexible touch screen displays for computing devices.

37.     Prior to the inventions claimed in the Asserted Patents, small scale touch screen handheld computing devices, such as mobile phones or tables, have traditionally been difficult and cumbersome to physically interact with, causing imprecise manipulation of features and text inputs from the user. *See e.g.,* '299 Patent at 1:25-47. Furthermore, the limited size of the display screen reduced the viewing capacity for the user to run graphic-intensive applications, view videos, and read text. *Id.* These difficulties with small scale touch screen devices gave rise to a need for a computing device that can retain the form factor and functionality of a mobile device, while providing a touch screen display that can be reconfigured from a compact state to an expanded state while facilitating the transition of content depending on the state in which the device is being used. *Id.*

38.     The claims of the Asserted Patents are directed to specific, tangible products with concrete and meaningful structural characteristics that provide a plurality of touch-sensitive displays that the user can configure in different ways while still maintaining a small and slim form factor of traditional cellular phones. As described in the Asserted Patents' provisional application, No. 61/372,391, filed on August 10, 2010, the reconfigurable touch screen

10

computing devices disclosed a flexible touch screen display made of segments coupled to a flexible circuit such that the devices have different folding configurations that allow the displayed content to transition from one screen state to another.  *See* U.S. Provisional Patent Application 61/372,391 at 2-16; *see also e.g.,* '299 Patent at 1:65-2:35.  This allows for the form factor of the device in its compact state to be roughly the size of a typical handheld phone and when in its expanded state to be roughly the size of a tablet computer or larger. *Id.*

39.	The reconfigurable touch screen computing devices provide instructions based upon the sensors used to determine if the device is in the folded or expanded configuration.  *Id.* at 9:31-48, 14:46-63.  The instructions provide for the transition of content on the display that is seamlessly rescaled to match the configuration the user is operating the device in.  *Id.* at Fig. 4, 10:15-52.  As the touch screen display is unfolded, a determination is made about whether or not the folding state sensors, which are located on the faces of the touch screen display, are broken from separating the screen segments.  *Id.*  Once the touch screen display has been fully opened, another determination is made about whether or not all segment sensors are connected.  *Id.*  If they are connected and there were had multiple areas of content on the folded display, then the content is rescaled to match the new dimensions of the expanded touch screen display.  *Id.*

40.	The reconfigurable touch screen computing devices utilize a flexible circuit made of multiple sections that correspond to each display segment.  *Id.* at Fig. 5, 11:4-14.  The flexible circuit has traces that electronically connect the touch screen displays of each segment using a sliding connector.  *Id.* at 11:15-49.  The sliding connector allows the flexible circuit to remain in a position that, when folded, conforms to the displaced surface of the fold such that the flexible circuit remains operational regardless of the configuration of the touch screen computing device in its folded or expanded state.  *Id.*

11

41.    The claims of the Asserted Patents also disclose hinges configured to connect the structural supports of the display segments and allow for a plurality of folding configurations in addition to providing an aperture for the flexible touch sensitive display to fit between when in the folded state.  *Id.* at Fig. 11, 13:18-49.  The hinges provide stability and a plurality of folding configurations that the device can be operated in.  *Id.*  Thus, the claims of the Asserted Patents are patent eligible.

## DEFENDANTS' INFRINGING PRODUCTS

42.    Defendants make, use, sell, offer for sale, and/or import into the United States and this District the folding smartphones, including the Samsung Galaxy Z Fold3, Samsung Galaxy Z Fold4, Samsung Galaxy Z Fold5, Samsung Galaxy Z Fold6, and the Samsung Galaxy Z Fold7 (collectively, the "Z Fold"), as well as, the Samsung Galaxy Z Flip3, Samsung Galaxy Z Flip4, Samsung Galaxy Z Flip5, Samsung Galaxy Z Flip6, the Samsung Galaxy Z Flip7 (collectively, the "Z Flip"), and the Samsung Galaxy Z TriFold mobile smartphones (collectively, the "Accused Products").

### Defendants' Samsung Galaxy Z Fold Accused Products

43.    On August 27, 2021, Defendants released the Galaxy Z Fold3 to the market as its third-generation mobile smartphone in the Samsung Galaxy Z Fold series.  Ex. 14 (https://www.gsmarena.com/samsung_glaxy_z_fold3_5g-10906.php).

44.    On August 25, 2022, Defendants released the Galaxy Z Fold4 to the market as its fourth-generation mobile smartphone in the Galaxy Z Fold series.  Ex. 15 (https://www.gsmarena.com/samsung_glaxy_z_fold4-11737.php).

45.     On August 11, 2023, Defendants released the Samsung Galaxy Z Fold5 to the market as its fifth-generation mobile smartphone in the Galaxy Z Fold series.  Ex. 16 (https://www.gsmarena.com/samsung_glaxy_z_fold5-12418.php).

46.     On July 24, 2024, Defendants released the Samsung Galaxy Z Fold6 to the market as its sixth-generation mobile smartphone in the Galaxy Z Fold series.  Ex. 17 (https://www.gsmarena.com/samsung_glaxy_z_fold6-13147.php).

47.     On July 25, 2025, Defendants released the Samsung Galaxy Z Fold7 to the market as its seventh-generation mobile smartphone in the Galaxy Z Fold series.  Ex. 18 (https://www.gsmarena.com/samsung_glaxy_z_fold7-13826.php).

48.     Each Z Fold includes a primary touch screen display and an inner touch screen display that is folded in half to rest within the phone and when expanded or opened, deploys a larger screen.  The primary display screen is found in the outer shell while the inner display is supported by two structural support segments that are connected by a hinge.  The Z Fold includes a processor, cameras, speakers, and microphones.



13

Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 5; *see also* Ex. 19 (Samsung Galaxy Z Fold3 / Z Flip3 5G User Manual) at 5; Ex. 20 (Samsung Galaxy Z Fold4 / Z Flip4 User Manual) at 6; Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 6; Ex. 22 (Samsung Galaxy Z Fold6 / Z Flip6 User Guide) at 5; Ex. 24 (https://developer.samsung.com/one-ui/foldable/folded.html) at 1; Ex. 25 (https://developer.samsung.com/galaxy-z/flex-mode.html) at 2.

49.     The Z Fold utilizes a hinge mechanism that allows the inner screen to fold and expand.  The hinge connects the two halves of the phone together and uses a flexible circuit to electronically connect the two halves together.  The hinge mechanism allows for an aperture that the screen is able to fold within.  *See e.g.,* Ex. 26 (https://www.ifixit.com/Teardown/Samsung+Galaxy+Fold+Teardown/122600) at 19-21; Ex. 27 (https://www.gizmochina.com/2023/07/29/samsung-flex-hinge-galaxy-z-fold5-flip5-explanation-engineering) (describing how the Flex Hinge works in the Fold5 and Flip5); https://www.youtube.com/watch?v=GyfQQrECOfw at 10:42 (showing the Z Fold7 hinge assembly);



Ex. 28 (https://news.samsung.com/za/the-breakthroughs-powering-samsungs-thinnest-most-refined-foldables) at 5;



Ex. 29 (https://www.phonerepairguru.com/news/samsung-galaxy-z-fold-7-teardown-amp-eu-repairability-score-is-it-really-a-c) at 19.

50. The Z Fold has magnetic Hall Sensors within the edges of its exterior screen support segments that enable the device to sense the position and movement of its screen and determine the configuration the user is operating the phone in. Ex. 30 (https://www.ti.com/document-viewer/lit/html/SSZT164); Ex. 31 (Samsung Galaxy Z Fold3 5G Verizon Datasheet) at 4; Ex. 32 (https://news.samsung.com/global/samsung-galaxy-z-fold7-raising-the-bar-for-smartphones) at 15. Upon this determination, the Z Fold projects the image to the proper screen using Flex mode. In Flex mode, the Z Fold allows users to reconfigure the device between three modes: Flex mode, Tent view, and Cover view as shown below. The phone can be opened to about a 90-degree angle and can be set on a flat surface so that the primary display can be used as a viewing screen. The controls appear on the main and bottom half of the device, while the video appears on the top half of the device. In Tent view, the phone can be opened and set on a flat surface using the edges of the screens. In Cover view, the cover screen can be placed flat on a surface, with the secondary display angled for optimal viewing.



Flex mode

Tent view                    Cover view

Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 8; *see also* Ex. 19 (Samsung Galaxy Z Fold3 / Z Flip3 5G User Manual) at 8; Ex. 20 (Samsung Galaxy Z Fold4 / Z Flip4 User Manual) at 9; Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 9; Ex. 22 (Samsung Galaxy Z Fold6 / Z Flip6 User Guide) at 8; Ex. 33 (https://www.samsung.com/uk/mobile-phone-buying-guide/samsung-flex-mode/).

51.     The Z Fold also allows a user to open images and applications within segments of its expanded inner display such that the image or application is found on only one half of the device.



## Multi window

Multitask by using multiple apps at the same time. Apps that support Multi window™ can be displayed together on a split screen. You can switch between the apps and adjust the size of their windows.

Split screen control

Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 41; *see also* Ex. 19 (Samsung Galaxy Z Fold3 / Z Flip3 5G User Manual) at 47; Ex. 20 (Samsung Galaxy Z Fold4 / Z Flip4 User Manual) at 49; Ex. 21 (Samsung Galaxy Z Fold5 / Z Flip5 User Manual) at 44; Ex. 22 (Samsung Galaxy Z Fold6 / Z Flip6 User Guide) at 46.

**Defendants' Samsung Galaxy Z Flip Accused Products**

52.     On August 27, 2021, Defendants released the Samsung Galaxy Z Flip3 to the market as its third-generation mobile smartphone in the Galaxy Z Flip series.  Ex. 34 (https://www.gsmarena.com/samsung_galaxy_z_flip3_5g-11055.php).

53.     On August 25, 2022, Defendants released the Samsung Galaxy Z Flip4 to the market as its fourth-generation mobile smartphone in the Galaxy Z Flip series.  Ex. 35 (https://www.gsmarena.com/samsung_galaxy_z_flip4-11538.php).

54.     On August 11, 2023, Defendants released the Samsung Galaxy Z Flip5 to the market as its fifth-generation mobile smartphone in the Galaxy Z Flip series.  Ex. 36 (https://www.gsmarena.com/samsung_galaxy_z_flip5-12252.php).

55.     On July 10, 2024, Defendants released the Samsung Galaxy Z Flip6 to the market as its sixth-generation mobile smartphone in the Galaxy Z Flip series.  Ex. 37 (https://www.gsmarena.com/samsung_galaxy_z_flip6-13192.php).

56.     On July 25, 2025, Defendants released the Samsung Galaxy Z Flip7 and Z Flip7 FE to the market as its seventh-generation mobile smartphone in the Galaxy Z Flip series.  Ex. 38 (https://www.gsmarena.com/samsung_galaxy_z_flip7-13712.php); Ex. 39 (https://www.gsmarena.com/samsung_galaxy_z_flip7_fe_5g-13844.php).

57.     Each Z Flip includes a primary touch screen display and an inner touch screen display that is folded in half to rest within the phone and when expanded or opened, deploys a larger screen.  The primary display screen is found in the outer shell while the inner display is

supported by two structural support segments that are connected by a hinge.  The Z Flip includes a processor, cameras, speakers, and microphones.



Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 9; *see also* Ex. 19 (Samsung Galaxy Z Fold3 / Z Flip3 5G User Manual) at 9; Ex. 20 (Samsung Galaxy Z Fold4 / Z Flip4 User Manual) at 10; Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 10; Ex. 22 (Samsung Galaxy Z Fold6 / Z Flip6 User Guide) at 9; Ex. 24 (https://developer.samsung.com/one-ui/foldable/folded.html) at 2; Ex. 25 (https://developer.samsung.com/galaxy-z/flex-mode.html) at 1.

58.    The Z Flip utilizes a hinge mechanism that allows the inner screen to fold and expand.  The hinge connects the two halves of the phone together and uses flexible circuits to electronically connect the two halves together.  The hinge mechanism allows for an aperture that the screen is able to fold within



Samsung Flip 7 TEARDOWN - I thought it was impossible...

https://www.youtube.com/watch?v=ejGEddhynE0&t=14s at 2:43-2:55 (last visited Nov. 20, 2025); *see also e.g.*, Ex. 40

(https://www.ifixit.com/Teardown/Samsung+Galaxy+Z+Flip+Teardown/131002) at 13-14; Ex.

27 (https://www.gizmochina.com/2023/07/29/samsung-flex-hinge-galaxy-z-fold5-flip5-explanation-engineering) (describing how the Flex Hinge works in the Fold5 and Flip5).

59.    The Z Flip has magnetic Hall Sensors within the edges of its exterior screen support segments that enable the device to sense the position and movement of its screen and determine the configuration the user is operating the phone in.  Ex. 30 (https://www.ti.com/document-viewer/lit/html/SSZT164); Ex. 41 (https://news.samsung.com/global/infographic-galaxy-z-flip3-5g-unfold-new-ways-to-create-capture-and-play) at 5; Ex. 42 (https://news.samsung.com/us/samsung-galaxy-z-flip7-a-pocket-sized-ai-powerhouse-with-a-new-edge-to-edge-flexwindow/) at 13 and 16.  Upon this determination, the Z Flip projects the image to the proper screen layout using Flex mode that

19

allows users to reconfigure the device between three modes: Flex mode, Expanded view, and Cover view.  In Flex mode, when the phone is opened at an angle, the screen automatically adjusts the top and bottom halves for optimal usage.



Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 12; *see also* Ex. 19 (Samsung Galaxy Z Fold3 / Z Flip3 5G User Manual) at 12; Ex. 20 (Samsung Galaxy Z Fold4 / Z Flip4 User Manual) at 13; Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 13; Ex. 22 (Samsung Galaxy Z Fold6 / Z Flip6 User Guide) at 12; Ex. 33 (https://www.samsung.com/uk/mobile-phone-buying-guide/samsung-flex-mode/).

60.    The Z Flip also allows a user to open images and applications within segments of its expanded inner display such that the image or application is found on only one half of the device.



Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 41; *see also* Ex. 19 (Samsung Galaxy Z Fold3 / Z Flip3 5G User Manual) at 47; Ex. 20 (Samsung Galaxy Z Fold4 / Z Flip4 User Manual) at 49; Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 44; Ex. 22 (Samsung Galaxy Z Fold6 / Z Flip6 User Guide) at 46.

## Defendants' Samsung Galaxy Z TriFold Accused Product

61.     On January 30, 2026, Defendants released the Samsung Galaxy Z TriFold to the market.  Ex. 43 (https://news.samsung.com/us/highly-anticipated-samsung-galaxy-z-trifold-available-u-s-jan-30) at 1-3.

62.     The Galaxy Z TriFold comprises of substantially similar components and functionalities as the Z Flip and Z Fold that includes a larger inner foldable touch screen display that has two folds made possible by the inclusion of additional structural supports, hinges, and flexible circuitry.  For example, the Z Trifold includes a primary touch screen display and an inner touch screen display that folds within the phone and when expanded or opened, deploys a larger screen.  The primary display screen is found in the outer shell while the inner display is

supported by two structural support segments that are connected by a hinge.  The Z TriFold includes a processor, cameras, speakers, and microphones.



Ex. 44 (Samsung Galaxy Z TriFold User Guide) at 5; Ex. 45 (https://www.samsungmobilepress.com/media-assets/galaxy-z-trifold?tab=specs) at 1-7.

63.    The Z TriFold utilize hinge mechanisms that allow the inner screen to fold and expand.  The hinges connect the three segments of the phone together and use a flexible circuit to electronically connect everything together.  The hinge mechanism allows for an aperture that the screen is able to fold within



https://www.samsungmobilepress.com/articles/the-making-of-galaxy-z-trifold-video at 00:17.

64.     The Z TriFold has magnetic Hall Sensors within the edges of its exterior screen support segments that enable the device to sense the position and movement of its screen and determine the configuration the user is operating the phone in.  Ex. 45 (https://www.samsungmobilepress.com/media-assets/galaxy-z-trifold?tab=specs) at 7.

65.     The Z TriFold also allows a user to open images and applications within segments of its expanded inner display such that multiple images or applications can be accessed simultaneously.

23



**Galaxy Z Trifold - 7 Unique Ways To Use It**

https://www.youtube.com/watch?v=9_M0fIK4Lzc&t=127s at 2:04; Ex. 44 (Samsung Galaxy Z

TriFold User Guide) at 34-35 (describing multi-window operation).

## **DEFENDANTS' KNOWLEDGE OF LEPTON AND LEPTON'S PATENTS**

66.    Beginning in 2013, Lepton, then doing business as Lyffik Computing, engaged in

multiple discussions with Defendants regarding a business partnership centered on development

of foldable and expanded phone technology and devices. During these discussions, Lepton

shared its prototypes and overviews of its technology indicating Lepton's technology was patent

pending with multiple senior executives of Defendants, such as the Hyuk-Jeen Suh, the then

Director of Samsung Venture Investment;  David Eun, the then Executive Vice President for

Samsung Electronics and Chief Innovation Officer; Sang Ahn, the then Senior Director of

Samsung's Strategic Investments Group; and Shankar Chandran, the then Managing Director of

the Samsung Catalyst Fund, among others.  Lepton is informed and believes that a reasonable

amount of time to develop a commercial product that can be sold with its folding phone technology would take approximately five or so years.

67.    Defendants' knowledge of Lepton's patents goes back at least as early as September 10, 2013, when the examiner cited patent application publication number 2012/0038570 A1 (the "'570 Publication."), the parent of the Asserted Patents, against Samsung Display Corp. Ltd.'s patent application number 2012/915,804, titled "Display Panel of a Solid Display Apparatus, Flexible Display Apparatus, and Method of Manufacturing the Display Apparatuses."  Ex. 46 ('570 Pub.); Ex. 47 at 3 (Notice of References Cited, App. No. 12/915,804) at 3; Ex. 48 (Pub. No. US 2011/0279417 A1).  Samsung Display Corp., Ltd. ("SDC") is a subsidiary of Defendants (SEC).  Ex. 10 at 14.  In addition, Defendants also have no less than six patents and five applications that cite to Lepton's publication U.S. 2014/0375530.  The Asserted Patents share their specification and priority date with the '570 Publication and are direct continuations from it.

68.    The '570 Publication has been cited against no less than six of Defendants' patents and patent applications and was cited by the examiner in a rejection against U.S. Patent No. 9,772,692.  Ex. 50 (Feb. 1, 2017 Office Action, App. No. 14/968,946) at 11-12.  In particular, the examiner rejected claim 8 because the '570 Publication taught the use of multiple folding structures to provide a plurality of folding positions.  *Id*.  In response to the examiner's rejection, Defendants did not present any substantive argument regarding the '570 Publication other than stating that "[t]he Isoda, Delaporte, Hu, Sekiguchi, and Borden references do not teach or suggest the features of claim 1 missing from the Zhao and Kang references, even if the cited references are properly combinable, which is not conceded."  Ex. 51 (excerpt of May 1, 2017 Amendment in Response to Office Action, App. No. 14/968,946) at 11.

25

69.      Defendants also have had knowledge of at least the '361 Patent since at least September 10, 2021, have had knowledge of the '300 Patent since May 12, 2022, and have had knowledge of the '863 Patent since March 12, 2023 when SEC's International Application PCT/KR2025/013883 had the '863 Patent's publication 2020/0117237 cited against it.  *See* Ex. 52 (SEC Patent No. US 11,325,473 B2) (citing to Lepton's 2021/0181796, which was the prior publication for the '361 Patent); Ex. 53 (Sept. 10, 2021 Notice of References Cited, App. No. 17/132,261 showing '361 Patent Pub.) at 2; Ex. 54 (SDC Patent No. US 11,455,916 B2) (citing to both the '300 and '361 Patents); Ex. 55 (May 12, 2022 Notice of References Cited, App. No. 17,149,102) (citing to both the '300 and '361 Patents) at 1.  Despite having knowledge of the '361 Patent, the '300 Patent, and the '863 Patent, Defendants continued to release new phones incorporating a folding display that infringes these patents, as discussed further below.

70.      Given the totality of the circumstances, a reasonable company would have known of Lepton's patents, as well as reviewed and considered them, as they continued to develop and release products.

### **DEFENDANTS' INFRINGEMENT OF LEPTON'S PATENTS**

71.      Defendants  have infringed and continue to infringe one or more claims of each of the Asserted Patents by engaging in acts that constitute infringement under 35 U.S.C. § 271, including but not necessarily limited to making, using, selling, and/or offering for sale, in this District and elsewhere in the United States, and/or importing into this District and elsewhere in the United States, the accused Samsung Galaxy Z Fold, Samsung Galaxy Z Flip, and Samsung Galaxy Z TriFold phones.

26

## COUNT 1
### (Direct Infringement of the '299 Patent pursuant to 35 U.S.C. § 271(a))

72.    Lepton repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

73.    Defendants have infringed and continue to infringe at least one or more claims of the '299 Patent through its making, use, sale, offers for sale, and/or importing into the United States and this District the Samsung Galaxy Z Fold3,  Fold4, Fold5, Fold6, Fold7, the Samsung Galaxy Z Flip3, Flip4, Flip5, Flip6, Flip7, and the Samsung Galaxy Z TriFold (collectively "the '299 Accused Products").

74.    In violation of 35 U.S.C. § 271(a), Defendants directly infringed and continue to infringe the claims of the '299 Patent by making, using, importing, selling, and offering for sale in the United States the '299 Accused Products.

75.    Defendants' acts of making, using, importing, selling, and/or offering for sale the '299 Accused Products has been without the permission, consent, authorization, or license of Lepton.

76.    Defendants' infringement includes the manufacture, use, sale, importation, and/or offer for sale of the '299 Accused Products, which infringe multiple claims of the '299 Patent, either literally, under the doctrine of equivalents, or both.

77.    An example of Defendants' infringement is seen with Claim 1 of the '299 Patent. The '299 Accused Products are apparatuses that have a plurality of touch-sensitive displays.  For example, the '299 Accused Products have a principal display that is exposed in the rigid outer cover of the phone and an inner flexible main display that has a folded and expanded state. *See, e.g., supra* at ¶¶ 48, 55, 62;

27



Ex. 56 (https://news.samsung.com/global/samsung-galaxy-z-flip5-and-galaxy-z-fold5-delivering-flexibility-and-versatility-without-compromise) at 1.

78.     The '299 Accused Products have touch-sensitive interfaces that generate instructions directing the processor upon which screen to generate or remove an image or application from the screen.  *See supra* at ¶¶ 48, 50-51, 57, 59-60, 62-65.  For example, the '299 Accused Products have a processor that is used to generate images to be displayed on the display segments based on instructions from the touch-sensitive instruction interface.  Ex. 19 (Samsung Galaxy Z Fold3 / Z Flip3 5G User Manual) at 23-25, 43, 47, and 172 (describing the display actions that are responsive to the user touching and tapping the screen); Ex. 20 (Samsung Galaxy Z Fold4 / Z Flip4 User Manual) at 24-26, 44, 49-50, and 175 (same); Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 24-26, 42, 44-45, and 164 (same); Ex. 22 (Samsung Galaxy Z Fold6 / Z Flip6 User Guide) at 24-26, 44, 46-47, and 166 (same); Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 24-26, 39, 41-42, and 164 (same); Ex. 57 (https://developer.samsung.com/one-ui/sound-and-haptic/haptic.html) (describing Defendants' integration of  haptic feedback); Ex. 58 (https://developer.samsung.com/galaxy-z/app-

continuity.html) (describing Samsung's application continuity between its screens when in the folded and unfolded state); Ex. 59 (https://developer.samsung.com/galaxy-z/multi-window.html) (describing Samsung's application continuity and multi-window support for optimal foldable user experience).  A user may "swipe" an image to or from the primary display to generate or remove the image.  The transition for the image to the primary display corresponds to one set of instructions and the transition for the image to be removed from the primary display corresponds to another set of instructions.

79.     The '299 Accused Products use the processor to generate images to be displayed on the inner flexible screen based on instructions from the touch-sensitive interface.  *See supra* at ¶¶ 48-49, 51, 57-58, 60, 63-65; Ex. 14 (https://www.gsmarena.com/samsung_glaxy_z_fold3_5g-10906.php) at 1 (showing the processors, *i.e.* the Chipset, CPU and GPU); Ex. 15 (https://www.gsmarena.com/samsung_glaxy_z_fold4-11737.php) at 1 (same); Ex. 16 (https://www.gsmarena.com/samsung_glaxy_z_fold5-12418.php) at 1 (same); Ex. 17 (https://www.gsmarena.com/samsung_glaxy_z_fold6-13147.php) at 1 (same); Ex. 18 (https://www.gsmarena.com/samsung_glaxy_z_fold7-13826.php) at 1 (same); Ex. 34 (https://www.gsmarena.com/samsung_galaxy_z_flip3_5g-11055.php) at 1 (same); Ex. 35 (https://www.gsmarena.com/samsung_galaxy_z_flip4-11538.php) at 1 (same); Ex. 36 (https://www.gsmarena.com/samsung_galaxy_z_flip5-12252.php) at 1 (same); Ex. 37 (https://www.gsmarena.com/samsung_galaxy_z_flip6-13192.php) at 1 (same); Ex. 38 (https://www.gsmarena.com/samsung_galaxy_z_flip7-13712.php) at 1 (same); Ex. 39 (https://www.gsmarena.com/samsung_galaxy_z_flip7_fe_5g-13844.php) at 1 (same).  When the first set of instructions is generated, the processor generates the image substantially onto the

secondary inner display.  When the second set of instructions is generated, the processor removes the image from the secondary display.

80.     Thus, the '299 Accused Products satisfy all elements of at least Claim 1 of the '299 Patent.

81.     Defendants' direct infringement of the '299 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but no less than a reasonable royalty.

82.     Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Lepton, and Lepton will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

83.     Defendants' infringement of the '299 Patent has been and continues to be willful, intentional, deliberate, and/or in conscious disregard of Lepton's rights under the '299 Patent.

84.     Lepton is entitled to injunctive relief, damages, and any other relief in accordance with 35 U.S.C. §§ 283, 284, and 285 for Defendants' direct infringement of the '299 Patent.

85.     As a result of Defendants' unlawful activities, Lepton has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Lepton is entitled to preliminary and/or permanent injunctive relief.

86.     Defendants' infringement of the '299 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but not less than a reasonable royalty.

## <u>COUNT 2</u>
### (Direct Infringement of the '300 Patent pursuant to 35 U.S.C. § 271(a))

87.     Lepton repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

88.     Defendants have infringed and continue to infringe at least one or more claims of the '300 Patent through its making, use, sale, offers for sale, and/or importing into the United

States and this District the Samsung Galaxy Z Fold3, Fold4, Fold5, Fold6, Fold7, the Samsung Galaxy Z Flip3, Flip4, Flip5, Flip6, Flip7, and the Samsung Galaxy Z Trifold (collectively "the '300 Accused Products").

89.   In violation of 35 U.S.C. § 271(a), Defendants directly infringed and continue to infringe the claims of the '300 Patent by making, using, importing, selling, and offering for sale in the United States the '300 Accused Products.

90.   Defendants' acts of making, using, importing, selling, and/or offering for sale the '300 Accused Products have been without the permission, consent, authorization, or license of Lepton.

91.   Defendants' infringement includes the manufacture, use, sale, importation, and/or offer for sale of the '300 Accused Products, which infringe multiple claims of the '300 Patent because they satisfy each element of at least Claim 1 of the '300 Patent, either literally, under the doctrine of equivalents, or both.

92.   An example of Defendants' infringement is seen with Claim 1 of the '300 Patent. The '300 Accused Products are apparatuses that have a rigid touch-sensitive OLED display on their cover.  *See supra* at ¶¶ 48, 57, 62; *see also e.g.,*



Ex. 28 (https://news.samsung.com/za/the-breakthroughs-powering-samsungs-thinnest-most-refined-foldables) at 1; Ex. 24 (https://developer.samsung.com/one-ui/foldable/folded.html).

93.    The '300 Accused Products have a flexible touch-sensitive OLED display attached to two structural support segments.  The '300 Accused Products' flexible touch-sensitive OLED display has a fully folded state, a fully expanded state, and partially expanded states.  *See supra* at ¶¶ 48-50, 57-59, 62-64; *see also e.g.,*



Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 7-12; *see also* Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 8-13; Ex. 22 (Samsung Galaxy Z Fold6 / Z

Flip6 User Guide) at 7-12; Ex. 42 (https://news.samsung.com/us/samsung-galaxy-z-flip7-a-pocket-sized-ai-powerhouse-with-a-new-edge-to-edge-flexwindow/) at 3-4 (describing the Flip 7's OLED cover screen, Armor Aluminum Frame, and Armor FlexHinge); Ex. 25 (https://developer.samsung.com/galaxy-z/flex-mode.html) at 1; Ex. 33 (https://www.samsung.com/uk/mobile-phone-buying-guide/samsung-flex-mode/).

94.    The '300 Accused Products include multiple magnets along the edges of the structural support segments that "hold[] the two sides together securely."  *See supra* at ¶¶ 50, 59, 64; Ex. 60 (https://www.samsung.com/ph/support/mobile-devices/magnetic-materials-were-unintentionally-drawn-to-the-screen-on-galaxy-foldable-devices/); Ex. 26 (https://www.ifixit.com/Teardown/Samsung+Galaxy+Fold+Teardown/122600) at 13-15 (describing the magnets, hinge, and flex cables).

95.    The '300 Accused Products include a flexible circuit with a plurality of traces that electrically connect the two sides of the phone together.  *See supra* at ¶¶ 49, 58, 62-63; *see also e.g.,* Ex. 62 (Samsung Galaxy Z Flip 5 Repair Guide) at 64 (showing flex cables); Ex. 26 (https://www.ifixit.com/Teardown/Samsung+Galaxy+Fold+Teardown/122600) at 13-15 (describing the magnets, hinge, and flex cables).

96.    The '300 Accused Products have at least one magnetic Hall sensor within the edges of its structural support segments.  *See supra* at ¶¶ 50, 59, 64; Ex. 30 (https://www.ti.com/document-viewer/lit/html/SSZT164); Ex. 42 (https://news.samsung.com/us/samsung-galaxy-z-flip7-a-pocket-sized-ai-powerhouse-with-a-new-edge-to-edge-flexwindow/) at 13 and 16.

97.      The '300 Accused Products include sleeve comprising a hinge assembly and a path for the flexible circuit.  The hinge has slots associated with each support segment along with corresponding pins to each slot.



Galaxy Z Fold6                    Galaxy Z Fold7

*See supra* at ¶¶ 49, 58, 62-63; Ex. 28 (https://news.samsung.com/za/the-breakthroughs-powering-samsungs-thinnest-most-refined-foldables); Ex. 27 (https://www.gizmochina.com/2023/07/29/samsung-flex-hinge-galaxy-z-fold5-flip5-explanation-engineering) (showing how Samsung's Flex Hinge operates); https://www.youtube.com/watch?v=ejGEddhynE0&t=14s at 2:43-2:55 (showing the Z Flip7 hinge assembly), at 9:05 (showing the flexible circuit passing through the hinge assembly); https://www.youtube.com/watch?v=GyfQQrECOfw at 10:42 showing the Z Fold7 hinge assembly); Ex. 40 (https://www.ifixit.com/Teardown/Samsung+Galaxy+Z+Flip+Teardown/131002) at 13-14.

98.      The '300 Accused Products have an aperture between the primary and secondary structural support segments wherein the flexible inner screen fits within in the fully folded state. *See supra* at ¶¶ 49, 58, 62-63; *see also, e.g.,*



Galaxy Z Flip4 & Z Fold4    Galaxy Z Flip5 & Z Fold5

Ex. 27 (https://www.gizmochina.com/2023/07/29/samsung-flex-hinge-galaxy-z-fold5-flip5-explanation-engineering) at 4-5;



Galaxy Z Fold6    Galaxy Z Fold7

Ex. 63

(https://www.reddit.com/r/GalaxyFold/comments/1m41tq7/hinge_redesigned_fold_6_vs_7/tl=de) at 1.

99.    Thus, the '300 Accused Products satisfy all elements of at least Claim 1 of the '300 Patent.

100.    Defendants' direct infringement of the '300 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but no less than a reasonable royalty.

101.    Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Lepton, and Lepton will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

102.    Defendants' infringement of the '300 Patent has been and continues to be willful, intentional, deliberate, and/or in conscious disregard of Lepton's rights under the '300 Patent.

103.    Lepton is entitled to injunctive relief, damages, and any other relief in accordance with 35 U.S.C. §§ 283, 284, and 285 for Defendants' direct infringement of the '300 Patent.

104.    As a result of Defendants' unlawful activities, Lepton has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Lepton is entitled to preliminary and/or permanent injunctive relief.

105.    Defendants' infringement of the '300 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but not less than a reasonable royalty.

## COUNT 3
**(Direct Infringement of the '361 Patent pursuant to 35 U.S.C. § 271(a))**

106.    Lepton repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

107.    Defendants have infringed and continue to infringe at least one or more claims of the '002 Patent through its making, use, sale, offers for sale, and/or importing into the United States and this District the Samsung Galaxy Z Fold3, Fold4, Fold5, Fold6, Fold7, the Samsung Galaxy Z Flip3, Flip4, Flip5, Flip6, Flip7, and the Samsung Galaxy Z TriFold (collectively "the '361 Accused Products").

108.   In violation of 35 U.S.C. § 271(a), Defendants directly infringed and continue to infringe the claims of the '361 Patent by making, using, importing, selling, and offering for sale in the United States the '361 Accused Products.

109.   Defendants' acts of making, using, importing, selling, and/or offering for sale the '361 Accused Products have been without the permission, consent, authorization, or license of Lepton.

110.   Defendants' infringement includes the manufacture, use, sale, importation, and/or offer for sale of the '361 Accused Products, which infringe multiple claims of the '361 Patent because they satisfy each element of at least Claim 1 of the '361 Patent, either literally, under the doctrine of equivalents, or both.

111.   An example of Defendants' infringement is seen with Claim 1 of the '361 Patent. The '361 Accused Products are apparatuses that have a rigid touch-sensitive OLED display on their cover.  *See supra* at ¶¶ 48, 57, 62; *see also e.g.,*



Ex. 28 (https://news.samsung.com/za/the-breakthroughs-powering-samsungs-thinnest-most-refined-foldables) at 1; Ex. 24 (https://developer.samsung.com/one-ui/foldable/folded.html).

112.     The '361 Accused Products have a flexible touch-sensitive OLED display attached to two structural support segments.  The '361 Accused Products' flexible touch-sensitive OLED display has a fully folded state, a fully expanded state, and partially expanded states.  *See supra* at ¶¶ 48-50, 57-59, 62-64; *see also e.g.,*



Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 7-12; *see also* Ex. 19 (Samsung Galaxy Z Fold3 / Z Flip3 5G User Manual) at 7-12; Ex. 20 (Samsung Galaxy Z Fold4 / Z Flip4 User Manual) at 8-13; Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 8-13; Ex. 22 (Samsung Galaxy Z Fold6 / Z Flip6 User Guide) at 7-12; Ex. 42 (https://news.samsung.com/us/samsung-galaxy-z-flip7-a-pocket-sized-ai-powerhouse-with-a-new-edge-to-edge-flexwindow/) at 3-4 (describing the Flip7's OLED cover screen, Armor Aluminum Frame, and Armor FlexHinge); Ex. 25 (https://developer.samsung.com/galaxy-z/flex-mode.html) at 1; Ex. 33 (https://www.samsung.com/uk/mobile-phone-buying-guide/samsung-flex-mode/).

113.     The '361 Accused Products include multiple magnets alone the edges of the structural support segments that "hold[] the two sides together securely."  *See supra* at ¶¶ 50, 59, 64; Ex. 60 (https://www.samsung.com/ph/support/mobile-devices/magnetic-materials-were-

unintentionally-drawn-to-the-screen-on-galaxy-foldable-devices/); Ex. 26

(https://www.ifixit.com/Teardown/Samsung+Galaxy+Fold+Teardown/122600) at 13-15

(describing the magnets, hinge, and flex cables).

114.     The '361 Accused Products include a flexible circuit with a plurality of traces that

electrically connect the two sides of the phone together.  *See supra* at ¶¶ 49, 58, 63; *see also e.g.,*

Ex. 62 (Samsung Galaxy Z Flip 5 Repair Guide) at 64 (showing flex cables); Ex. 26

(https://www.ifixit.com/Teardown/Samsung+Galaxy+Fold+Teardown/122600) at 13-15

(describing the magnets, hinge, and flex cables).

115.     The '361 Accused Products has at least one camera, one microphone, and one

speaker.  *See supra* at ¶¶ 48, 57, 62; *see also e.g.,* Ex. 19 (Samsung Galaxy Z Fold3 / Z Flip3 5G

User Manual) at 4 and 9; Ex. 20 (Samsung Galaxy Z Fold4 / Z Flip4 User Manual) at 6 and 10;

Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 6 and 10; Ex. 22 (Samsung Galaxy Z

Fold6 / Z Flip6 User Guide) at 5 and 9; Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide)

at 5 and 9.

116.     The '361 Accused Products have a sliding structural support that connects with

the flexible touch-sensitive OLED display and the flexible circuit such that it can slide within the

first structural support when the phone is folded.  For example, the '361 Accused Products

contain a Flex Hinge that "flexes across multiple dimensions" and "enables [Defendants']

foldables to be adjusted at different angles."  Ex. 27

(https://www.gizmochina.com/2023/07/29/samsung-flex-hinge-galaxy-z-fold5-flip5-explanation-

engineering) at 2-3 (explaining Defendants' "new Flex Hinge for Foldables" found in the Z Flip5

and the Z Fold5); *see also* Ex. 28 (https://news.samsung.com/za/the-breakthroughs-powering-

samsungs-thinnest-most-refined-foldables) at 4 (showing and describing the Armor FlexHinge's

"critical rotating and supporting elements" and "functions [which] add structural stability and greater design flexibility."); *id.* at 5 (showing a comparison between the Flex Hinge in the Z Fold-6 and the Armor FlexHinge in the Z Fold-7).

117.    The '361 Accused Products include sleeve comprising a hinge assembly and a path for the flexible circuit.  The hinge has slots associated with each support segment along with corresponding pins to each slot.



*See supra* at ¶¶ 49, 58, 63; Ex. 28 (https://news.samsung.com/za/the-breakthroughs-powering-samsungs-thinnest-most-refined-foldables); Ex. 27 (https://www.gizmochina.com/2023/07/29/samsung-flex-hinge-galaxy-z-fold5-flip5-explanation-engineering) (showing how Defendants' Flex Hinge operates); https://www.youtube.com/watch?v=ejGEddhynE0&t=14s at 2:43-2:55 (showing the Z Flip7 hinge assembly), at 9:05 (showing the flexible circuit passing through the hinge assembly); https://www.youtube.com/watch?v=GyfQQrECOfw at 10:42 (showing the Z Fold7 hinge assembly).

118.    The '361 Accused Products have an aperture between the primary and secondary structural support segments wherein the flexible inner screen fits within in the fully folded state. *See supra* at ¶¶ 49, 58, 63; *see also, e.g.,*



Galaxy Z Flip5 & Z Fold5

Ex. 27 (https://www.gizmochina.com/2023/07/29/samsung-flex-hinge-galaxy-z-fold5-flip5-explanation-engineering) at 4-5;



Galaxy Z Fold6                                                    Galaxy Z Fold7

Ex. 63

(https://www.reddit.com/r/GalaxyFold/comments/1m41tq7/hinge_redesigned_fold_6_vs_7/tl=de) at 1.

119.    Thus, the '361 Accused Products satisfy all elements of at least Claim 1 of the '002 Patent.

120. Defendants' direct infringement of the '361 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but no less than a reasonable royalty.

121. Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Lepton, and Lepton will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

122. Defendants' infringement of the '361 Patent has been and continues to be willful, intentional, deliberate, and/or in conscious disregard of Lepton's rights under the '361 Patent.

123. Lepton is entitled to injunctive relief, damages, and any other relief in accordance with 35 U.S.C. §§ 283, 284, and 285 for Defendants' direct infringement of the '361 Patent.

124. As a result of Defendants' unlawful activities, Lepton has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Lepton is entitled to preliminary and/or permanent injunctive relief.

125. Defendants' infringement of the '361 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but not less than a reasonable royalty.

## COUNT 4
### (Direct Infringement of the '002 Patent pursuant to 35 U.S.C. § 271(a))

126. Lepton repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

127. Defendants have infringed and continue to infringe at least one or more claims of the '002 Patent through its making, use, sale, offers for sale, and/or importing into the United States and this District the Samsung Galaxy Z Fold3, Fold4, Fold5, Fold6, Fold7, the Samsung Galaxy Z Flip5, Flip6, Flip7, and the Samsung Galaxy Z TriFold (collectively "the '002 Accused Products").

42

128.    In violation of 35 U.S.C. § 271(a), Defendants directly infringed and continue to infringe the claims of the '002 Patent by making, using, importing, selling, and offering for sale in the United States the '002 Accused Products.

129.    Defendants' acts of making, using, importing, selling, and/or offering for sale the '002 Accused Products has been without the permission, consent, authorization, or license of Lepton.

130.    Defendants' infringement include the manufacture, use, sale, importation, and/or offer for sale of the '002 Accused Products, which infringe multiple claims of the '002 Patent because they satisfy each element of at least Claim 1 of the '002 Patent, either literally, under the doctrine of equivalents, or both.

131.    An example of Defendants' infringement is seen with Claim 1 of the '002 Patent. The '002 Accused Products have a plurality of touch-sensitive flexible display segments including a principal display and an auxiliary display with a folded and expanded state.  *See supra* at ¶¶ 48, 57, 62.

132.    The '002 Accused Products have a principal display on its cover that is configured with at least one speaker and microphone such that it is operable as a phone.  *See supra* at ¶¶ 48, 57, 62; Ex. 19 (Samsung Galaxy Z Fold3 / Z Flip3 5G User Manual) at 5; Ex. 20 (Samsung Galaxy Z Fold4 / Z Flip4 User Manual) at 6; Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 6 and 10; Ex. 22 (Samsung Galaxy Z Fold6 / Z Flip6 User Guide) at 5 and 9; Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 5 and 9.

133.     The '002 Accused Products have at least one hardware component that generates a signal corresponding to the folded and expanded state of the inner screen.  For example, the '002 Accused Products include a Hall sensor within the device that generates a signal indicative

43

of the configuration the user is operating the phone in.  *See supra* at ¶¶ 50, 59, 64; *see also e.g.,* Ex. 30 (https://www.ti.com/document-viewer/lit/html/SSZT164); Ex. 31 (Samsung Galaxy Z Fold3 5G Verizon Datasheet) at 4; Ex. 32 (https://news.samsung.com/global/samsung-galaxy-z-fold7-raising-the-bar-for-smartphones) at 15.

134.    The '002 Accused Products have a processor to obtain an image to be displayed. *See supra* at ¶¶ 48, 57, 62; Ex. 14 (https://www.gsmarena.com/samsung_glaxy_z_fold3_5g-10906.php) at 1 (showing the processors, *i.e.* the Chipset, CPU and GPU); Ex. 15 (https://www.gsmarena.com/samsung_glaxy_z_fold4-11737.php) at 1 (same); Ex. 16 (https://www.gsmarena.com/samsung_glaxy_z_fold5-12418.php) at 1 (same); Ex. 17 (https://www.gsmarena.com/samsung_glaxy_z_fold6-13147.php) at 1 (same); Ex. 18 (https://www.gsmarena.com/samsung_glaxy_z_fold7-13826.php) at 1 (same); Ex. 36 (https://www.gsmarena.com/samsung_galaxy_z_flip5-12252.php) at 1 (same); Ex. 37 (https://www.gsmarena.com/samsung_galaxy_z_flip6-13192.php) at 1 (same); Ex. 38 (https://www.gsmarena.com/samsung_galaxy_z_flip7-13712.php) at 1 (same); Ex. 39 (https://www.gsmarena.com/samsung_galaxy_z_flip7_fe_5g-13844.php) at 1 (same).

135.    The '002 Accused Products will display the image on the cover screen when, for example, it determines that the phone's inner screen is in its folded state, based at least in part on the signal from the Hall sensor.  *See supra* at ¶¶ 48-50, 57-59, 62-64;



Ex. 28 (https://news.samsung.com/za/the-breakthroughs-powering-samsungs-thinnest-most-refined-foldables) at 8.

136.    The '002 Accused Products will display the image substantially on the cover display segment and the expanded auxiliary display segment when the second signal is generated at least in part by the Hall sensor. For example, beginning with the One UI 6.0 software update, the '002 Accused Products are able to use its camera to show images on both the inner display and the cover screen, allowing the person whose picture is being taken to see themselves on camera.  Ex. 49 (https://forum.developer.samsung.com/t/detail?id=7610&postNo=7594) at 1 (discussing how it is possible to enable the '002 Accused Products to simultaneously display content on the cover and foldable inner screens when running on at least OneUI 6.0); Ex. 61 (https://eu.community.samsung.com/t5/other-smartphones/these-galaxy-devices-have-received-one-ui-6-0-update-so-far/td-p/8755316) (showing '002 Accused Products receiving the One UI 6.0 update); https://www.youtube.com/watch?v=nC0bLKVgOAI at 3:20-3:35 (showing the Z Fold 4's ability to display content simultaneously on the cover and inner screen); https://www.youtube.com/watch?v=VRfOqtHi30E at 8:30-9:00 (showing the Z Fold 7's ability to display content simultaneously on the cover and inner screen).

137.    Thus, the '002 Accused Products satisfy all elements of at least Claim 1 of the '002 Patent.

138.    Defendants' direct infringement of the '002 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but no less than a reasonable royalty.

139.    Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Lepton, and Lepton will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

140.    Defendants' infringement of the '002 Patent has been and continues to be willful, intentional, deliberate, and/or in conscious disregard of Lepton's rights under the '002 Patent.

141.    Lepton is entitled to injunctive relief, damages and any other relief in accordance with 35 U.S.C. §§ 283, 284, and 285 for Defendants' direct infringement of the '002 Patent.

142.    As a result of Defendants' unlawful activities, Lepton has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Lepton is entitled to preliminary and/or permanent injunctive relief.

143.    Defendants' infringement of the '002 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but not less than a reasonable royalty.

## COUNT 5
**(Direct Infringement of the '863 Patent pursuant to 35 U.S.C. § 271(a))**

144.     Lepton repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

145.    Defendants have infringed and continue to infringe at least one or more claims of the '863 Patent through its making, use, sale, offers for sale, and/or importing into the United States and this District the Samsung Galaxy Z  Fold4, Fold5, Fold6, Fold7, the Samsung Galaxy

46

Z  Flip4, Flip5, Flip6, Flip7, and the Samsung Galaxy Z TriFold (collectively "the '863 Accused Products").

146.    In violation of 35 U.S.C. § 271(a), Defendants  directly infringed and continue to infringe the claims of the '863 Patent by making, using, importing, selling, and offering for sale in the United States the '863 Accused Products.

147.    Defendants' acts of making, using, importing, selling, and/or offering for sale the '863 Accused Products has been without the permission, consent, authorization, or license of Lepton.

148.    Defendants' infringement includes the manufacture, use, sale, importation, and/or offer for sale of the '863 Accused Products, which infringe multiple claims of the '863 Patent because they satisfy each element of at least Claim 1 of the '863 Patent, either literally, under the doctrine of equivalents, or both.

149.    An example of Defendants' infringement is seen with Claim 1 of the '863 Patent. The '863 Accused Products have a foldable touch screen display that includes at least two display segments and has a folded and expanded state.  *See supra* at ¶¶ 48, 57, 62; *see also e.g.,* Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 7-12; Ex. 19 (Samsung Galaxy Z Fold3 / Z Flip3 5G User Manual) at 7-12; Ex. 20 (Samsung Galaxy Z Fold4 / Z Flip4 User Manual) at 8-13; Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 8-13.

150.    The '863 Accused Products include multiple magnets along the edges of the display segments that "hold[] the two sides together securely."  *See supra* at ¶¶ 50, 59, 64; Ex. 60 (https://www.samsung.com/ph/support/mobile-devices/magnetic-materials-were-unintentionally-drawn-to-the-screen-on-galaxy-foldable-devices/); Ex. 26

47

(https://www.ifixit.com/Teardown/Samsung+Galaxy+Fold+Teardown/122600) at 13-15

(describing the magnets, hinge, and flex cables).

151.    The '863 Accused Products have at least one touch-sensitive interface for generating a set of instructions.  For example, the '863 Accused Products have a "multi-window" feature that allows a user to display multiple apps together by splitting the inner display so that each show on a different display segment of the expanded inner display.  *See supra* at ¶¶ 51, 60, 65;

The ability to have multiple windows open simultaneously benefits from larger screen real estate. While having 2 apps open side by side has become common, it is now possible to have 3 or more apps on the screen at the same time.

For more information, refer to the Multi-Window guide ↗.

 

Figure : Multi-window

Ex. 59 (https://developer.samsung.com/galaxy-z/multi-window.html) at 1; Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 41; *see also* Ex. 20 (Samsung Galaxy Z Fold4 / Z Flip4 User Manual) at 49; Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 44; Ex. 22 (Samsung Galaxy Z Fold6 / Z Flip6 User Guide) at 46.

152.    When a user swipes and taps the '863 Accused Products touch screen display, their touch-sensitive interface generates instructions to display and remove the image to be displayed on either the first display segment or the second display segment.  Ex. 59 (https://developer.samsung.com/galaxy-z/multi-window.html) at 1; Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 24-26 (showing the touch navigation features of the touch-sensitive interface); *see also* Ex. 20 (Samsung Galaxy Z Fold4 / Z Flip4 User Manual) at 24-26 (same); Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 24-26 (same); Ex. 22 (Samsung Galaxy Z Fold6 / Z Flip6 User Guide) at 24-26 (same).

153.    Thus, the '863 Accused Products satisfy all elements of at least Claim 1 of the '863 Patent.

154.    Defendants' direct infringement of the '863 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but no less than a reasonable royalty.

155.    Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Lepton, and Lepton will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

156.    Defendants' infringement of the '863 Patent has been and continues to be willful, intentional, deliberate, and/or in conscious disregard of Lepton's rights under the '863 Patent.

157.    Lepton is entitled to injunctive relief, damages, and any other relief in accordance with 35 U.S.C. §§ 283, 284, and 285 for Defendants' direct infringement of the '863 Patent.

158.    As a result of Defendants' unlawful activities, Lepton has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Lepton is entitled to preliminary and/or permanent injunctive relief.

159.    Defendants' infringement of the '863 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but not less than a reasonable royalty.

### COUNT 6
### (Direct Infringement of the '377 Patent pursuant to 35 U.S.C. § 271(a))

160.    Lepton repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

161.    Defendants have infringed and continue to infringe at least one or more claims of the '377 Patent through its making, use, sale, offers for sale, and/or importing into the United States and this District the Samsung Galaxy Z Fold5, Fold6, Fold7, the Samsung Galaxy Z Flip5, Flip6, Flip7, and the Samsung Galaxy Z TriFold (collectively "the '377 Accused Products").

162.    In violation of 35 U.S.C. § 271(a), Defendants directly infringed and continue to infringe the claims of the '377 Patent by making, using, importing, selling, and offering for sale in the United States the '377 Accused Products.

163.    Defendants' acts of making, using, importing, selling, and/or offering for sale the '377 Accused Products has been without the permission, consent, authorization, or license of Lepton.

164.    Defendants' infringement includes the manufacture, use, sale, importation, and/or offer for sale of the '377 Accused Products, which infringe multiple claims of the '377 Patent because they satisfy each element of at least Claim 1 of the '377 Patent, either literally, under the doctrine of equivalents, or both.

165.    An example of Defendants' infringement is seen with Claim 1 of the '377 Patent. The '377 Accused Products have a foldable touch screen display that is attached to two structural support segments.  *See supra* at ¶¶ 48, 57, 62; *see also e.g.,* Ex. 23 (Samsung Galaxy Z Fold7 / Z

Flip7 User Guide) at 7-12; Ex. 22 (Samsung Galaxy Z Fold6 / Z Flip6 User Guide) at 7-13; Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 8-13.

166.    The '377 Accused Products contain a Flex Hinge that operatively connects the first structural support segment and the second structural support segment.  The '377 Accused Products' Flex Hinge "flexes across multiple dimensions" and "enables [Defendants'] foldables to be adjusted at different angles."  Ex. 27 (https://www.gizmochina.com/2023/07/29/samsung-flex-hinge-galaxy-z-fold5-flip5-explanation-engineering) at 2-3 (explaining Defendants' "new Flex Hinge for Foldables" found in the Z Flip5 and the Z Fold5); *see also* Ex. 28 (https://news.samsung.com/za/the-breakthroughs-powering-samsungs-thinnest-most-refined-foldables) at 4 (showing and describing the Armor FlexHinge's "critical rotating and supporting elements" and "functions [which] add structural stability and greater design flexibility."); *id.* at 5 (showing a comparison between the Flex Hinge in the Z Fold6 and the Armor FlexHing in the Z Fold7).  The Flex Hinge allows the '377 Accused Products to have at least a fully folded configuration of less than 5 degrees and a fully expanded configuration from 175 degrees to 185 degrees.  *Id.*

167.    The foldable touch screen display of '377 Accused Products has a folding radius that fits between the aperture formed between the first structural support segment and the second structural support segment when the phone in is in fully folded configuration.  *See supra* at ¶¶ 49-50, 58-59, 63-65; *see also, e.g.,*



Galaxy Z Flip5 & Z Fold5

Ex. 27 (https://www.gizmochina.com/2023/07/29/samsung-flex-hinge-galaxy-z-fold5-flip5-explanation-engineering) at 4-5;



Galaxy Z Fold6          Galaxy Z Fold7

Ex. 63

(https://www.reddit.com/r/GalaxyFold/comments/1m41tq7/hinge_redesigned_fold_6_vs_7/tl=de) at 1.

168.    Thus, the '377Accused Products satisfy all elements of at least Claim 1 of the '377 Patent.

169.    Defendants' direct infringement of the '377 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but no less than a reasonable royalty.

170.    Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Lepton, and Lepton will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

171.    Defendants' infringement of the '377 Patent has been and continues to be willful, intentional, deliberate, and/or in conscious disregard of Lepton's rights under the '377 Patent.

172.    Lepton is entitled to injunctive relief, damages, and any other relief in accordance with 35 U.S.C. §§ 283, 284, and 285 for Defendants' direct infringement of the '377 Patent.

173.    As a result of Defendants' unlawful activities, Lepton has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Lepton is entitled to preliminary and/or permanent injunctive relief.

174.    Defendants' infringement of the '377 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but not less than a reasonable royalty.

## COUNT 7
### (Direct Infringement of the '378 Patent pursuant to 35 U.S.C. § 271(a))

175.    Lepton repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

176.    Defendants have infringed and continue to infringe at least one or more claims of the '378 Patent through its making, use, sale, offers for sale, and/or importing into the United States and this District the Samsung Galaxy Z Fold5, Fold6, Fold7, the Samsung Galaxy Z Flip5, Flip6, Flip7, and the Samsung Galaxy Z TriFold (collectively "the '378 Accused Products").

177. In violation of 35 U.S.C. § 271(a), Defendants  directly infringed and continue to infringe the claims of the '378 Patent by making, using, importing, selling, and offering for sale in the United States the '378 Accused Products.

178. Defendants' acts of making, using, importing, selling, and/or offering for sale the '378 Accused Products has been without the permission, consent, authorization, or license of Lepton.

179. Defendants' infringement includes the manufacture, use, sale, importation, and/or offer for sale of the '378 Accused Products, which infringe multiple claims of the '378 Patent because they satisfy each element of at least Claim 1 of the '378 Patent, either literally, under the doctrine of equivalents, or both.

180. An example of Defendants' infringement is seen with Claim 1 of the '378 Patent. The '378 Accused Products have a flexible touch-sensitive OLED display that is attached to two structural support segments.  *See supra* at ¶¶ 48, 57, 62; *see also e.g.,* Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 7-12; Ex. 22 (Samsung Galaxy Z Fold6 / Z Flip6 User Guide) at 7-12; Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 8-13.

181. The '378 Accused Products include a magnetic Hall sensor within the first structural support segment.  *See supra* at ¶¶ 50, 59, 64; *see also e.g.*, Ex. 30 (https://www.ti.com/document-viewer/lit/html/SSZT164); Ex. 32 (https://news.samsung.com/global/samsung-galaxy-z-fold7-raising-the-bar-for-smartphones) at 15.

182. The '378 Accused Products contain a Flex Hinge that "flexes across multiple dimensions" and "enables [Defendants'] foldables to be adjusted at different angles.  Ex. 27 (https://www.gizmochina.com/2023/07/29/samsung-flex-hinge-galaxy-z-fold5-flip5-explanation-

engineering) at 2-3 (explaining Defendants' "new Flex Hinge for Foldables" found in the Z Flip5 and the Z Fold5); *see also* Ex. 28 (https://news.samsung.com/za/the-breakthroughs-powering-samsungs-thinnest-most-refined-foldables) at 4 (showing and describing the Armor FlexHinge's "critical rotating and supporting elements" and "functions [which] add structural stability and greater design flexibility."); *id.* at 5 (showing a comparison between the Flex Hinge in the Z Fold6 and the Armor FlexHinge in the Z Fold7).  The Flex Hinge allows the '378 Accused Products to have at least a fully folded configuration of less than 5 degrees, a fully expanded configuration from 175 degrees to 185 degrees, and at least one partially expanded configuration between 5 degrees and 175 degrees.  *Id.*; *supra* at ¶¶ 48-50, 57-59, 62-64.

183.    The flexible touch-sensitive OLED display of '378 Accused Products has a folding radius that fits between the aperture formed between the first structural support segment and the second structural support segment when the phone in is in fully folded configuration. *See supra* at ¶¶ 48-50, 57-59, 62-64; *see also, e.g.,*



Galaxy Z Flip5 & Z Fold5

Ex. 27 (https://www.gizmochina.com/2023/07/29/samsung-flex-hinge-galaxy-z-fold5-flip5-explanation-engineering) at 4-5;



Ex. 63

([https://www.reddit.com/r/GalaxyFold/comments/1m41tq7/hinge_redesigned_fold_6_vs_7/tl=de](https://www.reddit.com/r/GalaxyFold/comments/1m41tq7/hinge_redesigned_fold_6_vs_7/tl=de)
) at 1.

184.    Thus, the '378 Accused Products satisfy all elements of at least Claim 1 of the '378 Patent.

185.    Defendants' direct infringement of the '378 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but no less than a reasonable royalty.

186.    Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Lepton, and Lepton will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

187.    Defendants' infringement of the '378 Patent has been and continues to be willful, intentional, deliberate, and/or in conscious disregard of Lepton's rights under the '378 Patent.

188.    Lepton is entitled to injunctive relief, damages, and any other relief in accordance with 35 U.S.C. §§ 283, 284, and 285 for Defendants' direct infringement of the '378 Patent.

189. As a result of Defendants' unlawful activities, Lepton has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Lepton is entitled to preliminary and/or permanent injunctive relief.

190. Defendants' infringement of the '378 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but not less than a reasonable royalty.

## COUNT 8
### (Direct Infringement of the '450 Patent pursuant to 35 U.S.C. § 271(a))

191. Lepton repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

192. Defendants have infringed and continue to infringe at least one or more claims of the '450 Patent through its making, use, sale, offers for sale, and/or importing into the United States and this District the Samsung Galaxy Z Fold5, Fold6, Fold7, the Samsung Galaxy Z Flip5, Flip6, Flip7, and the Samsung Galaxy Z TriFold (collectively "the '450 Accused Products").

193. In violation of 35 U.S.C. § 271(a), Defendants directly infringed and continue to infringe the claims of the '450 Patent by making, using, importing, selling, and offering for sale in the United States the '450 Accused Products.

194. Defendants' acts of making, using, importing, selling, and/or offering for sale the '450 Accused Products has been without the permission, consent, authorization, or license of Lepton.

195. Defendants' infringement includes the manufacture, use, sale, importation, and/or offer for sale of the '450 Accused Products, which infringe multiple claims of the '450 Patent because they satisfy each element of at least Claim 1 of the '450 Patent, either literally, under the doctrine of equivalents, or both.

196.    An example of Defendants' infringement is seen with Claim 1 of the '450 Patent. The '450 Accused Products have a flexible touch-sensitive OLED display that is attached to two structural support segments.  *See supra* at ¶¶ 48, 57, 62; *see also e.g.,* Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 7-12; Ex. 22 (Samsung Galaxy Z Fold6 / Z Flip6 User Guide) at 7-12; Ex. 21 (SamsungGalaxy Z Fold5 / Z Flip5 User Manual) at 8-13.

197.    The '450 Accused Products contain a Flex Hinge that "flexes across multiple dimensions" and "enables [Defendants'] foldables to be adjusted at different angles."  Ex. 27 (https://www.gizmochina.com/2023/07/29/samsung-flex-hinge-galaxy-z-fold5-flip5-explanation-engineering) at 2-3 (explaining Defendants' "new Flex Hinge for Foldables" found in the Z Flip5 and the Z Fold5); *see also* Ex.28 (The Breakthroughs Powering Samsung's Thinnest, Most Refined Foldables – Samsung Newsroom South Africa) at 4 (showing and describing the Armor FlexHinge's "critical rotating and supporting elements" and "functions [which] add structural stability and greater design flexibility."); *id.* at 5 (showing a comparison between the Flex Hinge in the Z Fold6 and the Armor FlexHinge in the Z Fold7).  The Flex Hinge allows the '450 Accused Products to have at least a fully folded configuration of less than 5 degrees, a fully expanded configuration from 175 degrees to 185 degrees, and at least one partially expanded configuration between 5 degrees and 175 degrees.  *Id.*; *supra* at ¶¶ 48-50, 57-59, 62-64.

198.    The flexible touch-sensitive OLED display of '450 Accused Products has a folding radius that fits between the aperture formed between the first structural support segment and the second structural support segment when the phone in is in fully folded configuration. *See supra* at ¶¶ 48-50, 57-59, 62-64; *see also, e.g.,*



Galaxy Z Flip5 & Z Fold5

Ex. 27 (https://www.gizmochina.com/2023/07/29/samsung-flex-hinge-galaxy-z-fold5-flip5-explanation-engineering) at 4-5;



Galaxy Z Fold6          Galaxy Z Fold7

Ex. 63

(https://www.reddit.com/r/GalaxyFold/comments/1m41tq7/hinge_redesigned_fold_6_vs_7/tl=de

) at 1.

199.    Thus, the '450 Accused Products satisfy all elements of at least Claim 1 of the '378 Patent.

200.    Defendants' direct infringement of the '450 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but no less than a reasonable royalty.

201.    Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Lepton, and Lepton will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

202.    Defendants' infringement of the '450 Patent has been and continues to be willful, intentional, deliberate, and/or in conscious disregard of Lepton's rights under the '450 Patent.

203.    Lepton is entitled to injunctive relief, damages, and any other relief in accordance with 35 U.S.C. §§ 283, 284, and 285 for Defendants' direct infringement of the '450 Patent.

204.    As a result of Defendants' unlawful activities, Lepton has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Lepton is entitled to preliminary and/or permanent injunctive relief.

205.    Defendants' infringement of the '450 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but not less than a reasonable royalty.

### COUNT 9
**(Direct Infringement of the '998 Patent pursuant to 35 U.S.C. § 271(a))**

206.    Lepton repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

207.    Defendants have infringed and continue to infringe at least one or more claims of the '998 Patent through its making, use, sale, offers for sale, and/or importing into the United States and this District the Samsung Galaxy Z Fold7, the Samsung Galaxy Z Flip7, and the Samsung Galaxy Z TriFold (collectively "the '998Accused Products").

60

208.    In violation of 35 U.S.C. § 271(a), Defendants directly infringed and continue to infringe the claims of the '998 Patent by making, using, importing, selling, and offering for sale in the United States the '998 Accused Products.

209.    Defendants' acts of making, using, importing, selling, and/or offering for sale the '998 Accused Products has been without the permission, consent, authorization, or license of Lepton.

210.    Defendants' infringement includes the manufacture, use, sale, importation, and/or offer for sale of the '450 Accused Products, which infringe multiple claims of the '998 Patent because they satisfy each element of at least Claim 1 of the '998 Patent, either literally, under the doctrine of equivalents, or both.

211.    An example of Defendants' infringement is seen with Claim 1 of the '998 Patent. The '998 Accused Products have a flexible touch-sensitive OLED display that is attached to two structural support segments.  *See supra* at ¶¶ 48-50, 57-59, 62; *see also e.g.,* Ex. 23 (Samsung Galaxy Z Fold7 / Z Flip7 User Guide) at 7-12.

212.    The '998 Accused Products contain an Armor FlexHinge that flexes across multiple dimensions and enables the '998 Accused Products to be adjusted at different angles. Ex. 28 (https://news.samsung.com/za/the-breakthroughs-powering-samsungs-thinnest-most-refined-foldables) at 4 (showing and describing the Armor FlexHinge's "critical rotating and supporting elements" and "functions [which] add structural stability and greater design flexibility."); *id.* at 5 (showing a comparison between the Flex Hinge in the Z Fold6 and the Armor FlexHinge in the Z Fold7).  The Flex Hinge allows the '998 Accused Products to have at least a fully folded configuration of less than 5 degrees, a fully expanded configuration from 175

61

degrees to 185 degrees, and at least one partially expanded configuration between 5 degrees and 175 degrees.  *Id.*; *supra* at ¶¶ 48-50, 57-59, 62-63.

213.    The flexible touch-sensitive OLED display of '998 Accused Products has a folding radius that fits between the aperture formed between the first structural support segment and the second structural support segment when the phone in is in fully folded configuration. *See supra* at ¶¶ 48-50, 57-59, 62-63; *see also, e.g.,*



Ex. 63

(https://www.reddit.com/r/GalaxyFold/comments/1m41tq7/hinge_redesigned_fold_6_vs_7/tl=de) at 1.

214.    Thus, the '998 Accused Products satisfy all elements of at least Claim 1 of the '998 Patent.

215.    Defendants' direct infringement of the '998 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but no less than a reasonable royalty.

216.    Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Lepton, and Lepton will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

217.    Defendants' infringement of the '998 Patent has been and continues to be willful, intentional, deliberate, and/or in conscious disregard of Lepton's rights under the '998 Patent.

218.    Lepton is entitled to injunctive relief, damages, and any other relief in accordance with 35 U.S.C. §§ 283, 284, and 285 for Defendants' direct infringement of the '998 Patent.

219.    As a result of Defendants' unlawful activities, Lepton has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Lepton is entitled to preliminary and/or permanent injunctive relief.

220.    Defendants' infringement of the '998 Patent has injured and continues to injure Lepton in an amount to be proven at trial, but not less than a reasonable royalty

## PRAYER FOR RELIEF

WHEREFORE, Lepton prays for relief and judgment as follows:

(A)    an entry of judgment holding that Defendants have infringed and are infringing each of the Asserted Patents;

(B)    an entry of judgment that each of the Asserted Patents are valid and enforceable;

(C)    a permanent injunction against Defendants and its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing the Asserted Patents and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

(D)    an award to Lepton of such damages as it shall prove at trial against Defendants that is adequate to fully compensate Lepton for Defendants' infringement of the Asserted Patents that will account for infringement up to trial based on the relevant information and financial data produced, where said damages will be no less than a reasonable royalty;

(E)    a determination that Defendants' infringement has been willful, wanton, deliberate, and egregious;

(F)    a determination that the damages against Defendants be trebled or for any other basis within the Court's discretion pursuant to 35 U.S.C. § 284;

(G)    a determination that this case is exceptional and an award to Lepton of its costs and reasonable attorney's fees, as provided by 35 U.S.C. § 285;

(H)    an accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the Asserted Patents; and

(I)    such further and other relief as the Court may deem proper and just.

Respectfully submitted,

Dated:  April 23, 2026                By:  */s/ Elizabeth L. DeRieux*
                                           Elizabeth L. DeRieux (Bar No. 05770585)
                                           Capshaw DeRieux LLP
                                           114 E. Commerce Avenue
                                           Gladewater, TX 75647
                                           Telephone: (903) 845-5770
                                           ederieux@capshawlaw.com

                                           Paul J. Andre
                                           Lisa Kobialka
                                           James Hannah
                                           Kris Kastens
                                           Timothy Layden
                                           HERBERT SMITH FREEHILLS
                                           KRAMER (US) LLP
                                           333 Twin Dolphin Drive
                                           Redwood City, California 94065
                                           Telephone: (650) 752-1700
                                           paul.andre@hsfkramer.com
                                           lisa.kobialka@hsfkramer.com
                                           james.hannah@hsfkramer.com
                                           kris.kastens@hsfkramer.com
                                           timothy.layden@hsfkramer.com

                                           *Attorneys for Plaintiff*
                                           LEPTON COMPUTING LLC

64