**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

LEPTON COMPUTING LLC, a Delaware Limited Liability Company,

*Plaintiff*,

*v.*

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, and SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation,

*Defendants*.

Civil Action No. 2:26-cv-00338

**JURY TRIAL DEMANDED**

# PROTECTIVE ORDER

WHEREAS, Plaintiff Lepton Computing, LLC ("Lepton") and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to

such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is Protected Material.

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents,

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

   a. outside counsel of record in this Action for the Parties;

b. employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

c. employees for each Party who are attorneys ("in-house counsel") who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

d. up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

e. outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least seven (7) days before access to the Protected Material is to be given to that consultant or expert in order to allow the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the

objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

f. independent litigation support services, including persons working for or as court reporters, translators or interpreters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

g. any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order; and

h. the Court, jury, and the Court's personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED

MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED – CONFIDENTIAL SOURCE CODE."

9. For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-h).

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

a. Access to a Party's Source Code Material shall be provided only on "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) running a reasonably current version of the Microsoft Windows operating system. The stand-alone computer may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs

10 (i and m) below. Additionally, except as provided in paragraph 10(m) below, the stand-alone computer may only be located at the offices of the producing Party's outside counsel. No electronic devices (including cell phones, PDAs, cameras, recordable or storage media (e.g., USB thumb drive, etc.)), or computers (other than a notetaking laptop that cannot connect to the Internet and does not contain a webcam/camera) will be permitted inside the source code review room. A reviewer of a receiving Party may not leave overnight work product or other materials to which the receiving Party claims privilege in the room used to inspect the producing Party's Source Code Material. The producing Party may exercise personal supervision of the review from outside the review room. Such supervision shall not, however, entail review of any work product generated by the receiving Party, e.g., monitoring the screen of the standalone computer, monitoring any surface reflecting any notes or work product of the receiving Party, or monitoring the keystrokes of the receiving Party. The producing party will produce Source Code Material in computer searchable format on the Source Code Computer on at least the review tool NotePad++. Upon request by the receiving Party and approval by the producing Party, the producing Party will make reasonable efforts to install reasonable analysis tools appropriate for the type of Source Code, supplied by the producing Party, and the receiving Party's expense, with a license for such tools supplied by the receiving Party at least five (5) business days in advance of the date upon which the reviewer wishes to have the software tools available for use on the source code computer, provided it does not side-step any of the security features enabled on a Source Code Computer (e.g., enable connection and use of USB

thumb drives), and does not allow the receiving party to compile or otherwise alter the Source Code Material;

b. The receiving Party's outside counsel and/or expert shall be entitled to take notes. No copies of all or any portion of the Source Code Material may leave the room in which the source code is inspected except as otherwise provided herein. No notes shall be made or stored on the inspection computer or left behind at the site where the inspection computer is made available. To the extent the receiving Party desires to take notes electronically, the producing Party shall provide a note-taking computer (e.g., a computer, which is distinct from the standalone computer, that is not linked to any network, including a local area network ("LAN"), an intranet or the Internet, and has image making functionality of any type disabled, including but not limited to camera or video functionality) ("note-taking computer") with a current, widely used word processing program in the Source Code review room for the receiving Party's use in taking such notes. The "note-taking computer" shall be used for the sole purpose of note-taking and shall be retained by the producing Party. Such notes shall be downloaded to an encrypted, removable disk or drive for the receiving Party to retain, and the computer cleared of such notes. The note-taking computer shall have no features which would hinder the complete clearing of the receiving Party's notes after such notes have been downloaded. Any such notes shall not include copies or reproductions of portions of the source code; however, the notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, or procedure names. No copies of all or any portion of the source code may leave the

room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. No notes shall be made or stored on the stand-alone computer or left behind at the site where the stand-alone computer is made available, and any such notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE."

c. The receiving Party shall provide five business (5) days' notice any time it seeks access to the producing Party's stand-alone computer. The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

d. All persons who will review source code on the stand-alone computer on behalf of a receiving Party shall be identified in writing to the producing Party at least two (2) business days prior to review (subject to availability of the stand-alone computer). The producing Party shall provide the receiving Party with information

explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code Material on the stand-alone computer;

e. The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer as described above;

f. Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to the following persons:

i. Outside Litigation Counsel of record in this Litigation, and administrative staff employed by such litigation counsel who are necessarily incident to the litigation of this Litigation;

ii. The Court, jury, and the Court's personnel;

iii. Court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings, or trial in this Litigation, provided that such persons agree to be bound by the provisions of this Protective Order;

iv. No more than four (4) qualified experts or consultants retained by a party for purposes of this Litigation (under Paragraph 5(e) of this Protective Order);

v. outside vendors retained for the purpose of preparing graphics or presentations for use as a demonstrative in a brief or other form of submission or proceeding incident to this Litigation;

vi. a Supplier's own employees, 30(b)(6) witnesses, or expert witnesses; and

vii. anyone else to whom the Supplier consents, as long as such consent is expressly provided in writing by outside counsel of record for the Supplier.

A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

g. The reviewer shall also be entitled to take handwritten notes relating to the Source Code but may not copy the Source Code into the notes. Such notes will be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

h. To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

i. Except as set forth in paragraph 10(m) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

j. The stand-alone computer shall be configured with a means for selecting Source Code for printing as permitted herein, including being equipped to store print requests in a print folder. At the request of the receiving Party, the producing Party shall, within three (3) business days of the request, provide three (3) hard copy

print-outs on watermarked paper of the Source Code that the receiving Party believes in good faith is necessary to understand a feature relevant to this Litigation.

i. Except as otherwise provided herein, for any Source Code provided on the Source Code Computer, the total number of print-outs existing at any time shall not exceed five (5) copies, absent express permission from the producing Party. The receiving Party of any Source Code shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon three (3) business days' advance notice to the receiving Party by the producing Party, the receiving Party shall provide a copy of this log to the Supplier.

ii. If the producing Party objects to the production of the requested Source Code because the request is excessive, it shall state its objection within three (3) business days from the Receiving Party's request for printed copies of the Source Code. For purposes of this paragraph, printed portions of Source Code that exceed five hundred (500) total pages for any software release shall be rebuttably presumed to be excessive and cannot be printed for a permitted purpose absent the agreement of the producing Party or an order from the Court. A request for printing of a continuous block of more than twenty-five (25) pages of Source Code shall be rebuttably presumed to be excessive and cannot be printed for a permitted purpose absent the agreement of the producing Party or an order from the Court. One page of printed Source Code shall mean one column of Source Code printed in size

12 font on one single-sided sheet of paper measuring no more than 8 and 1/2 inches by 11 inches. The producing and receiving Party agree to meet and confer within three (3) business days of service of the producing Party's objection to attempt to resolve such objection. If the producing and receiving Party cannot resolve such objection during this meet and confer, the receiving Party may file a motion to compel the production of the requested Source Code.

iii. Upon printing any such portion of Source Code, the receiving Party shall log the location of the electronic file(s) from which each print-out is made such that the electronic file(s) may be readily located on the stand-alone computer. Such logging shall include, but is not limited to, complete filenames, directory paths, line numbers and, as applicable, version numbers and revision numbers. The receiving Party shall supply this log to the producing Party at the end of each review session (such log, the "Source Code Review Print Log"). The producing Party shall provide to the receiving Party a hard copy of the Source Code Review Print Log, along with and according to the terms provided above for provision of, hard copy print-outs of the corresponding Source Code. The receiving Party's failure to adequately log the location of the file(s) it prints shall be at least one non-exclusive ground on which the producing Party may object and properly refuse to produce the printed pages.

k. All paper copy print-outs of Source Code shall be made on Bates numbered paper clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" on each page

provided by the producing Party. Each page of printed Source Code shall include in the header or footer the complete path and file name of the Source Code, and if possible line number, so that the source of the Source Code can be readily identified.

l. Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

m. If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

    i. To the extent that depositions are conducted in person, the receiving Party is permitted to request that the producing Party provide an additional (1) hard copy of identified, printed Source Code files for use at a deposition. These copies do not count against the total copies provided for under paragraph 10(i), but if additional hard copies of Source Code are generated for depositions, they must be added to the print log. The copies are to be

printed on color paper to make them easily distinguishable from originals. The receiving Party must make such request at least three (3) business days prior to the deposition at which the copies may be used.

ii. To the extent that the depositions are conducted remotely, the receiving Party shall not bring copies of any printed Source Code. Rather, at least two (2) business days prior to the deposition, the receiving Party shall provide the producing Party the Bates numbers for the specific previously printed pages of Source Code it wishes to use at the deposition, and the producing Party shall either bring printed copies of those pages to the deposition or send, via secure courier, the requested printed copies to the witness for use by the witness during the deposition. If any printed copies are provided to the witness directly, the printouts must be destroyed at the conclusion of the deposition.

iii. Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. The deposition transcript shall be designated and is to be treated as "RESTRICTED CONFIDENTIAL SOURCE CODE." Moreover, the marked original exhibit shall be maintained by the receiving Party until trial. All other copies used at a deposition shall be destroyed or returned to the producing Party. This provision does not prevent the attorney taking the deposition from bringing personally to the deposition a printed copy of the Source Code that contains work product notes for the taking of the

deposition, which copy shall be retained by the deposing attorney at the end of the deposition.

n. A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court filings or proceeding(s) or deposition(s) as set forth in paragraph 10(l) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

o. Where absolutely necessary, required, or requested by the Court, the receiving Party and the producing Party may make further copies of original Source Code print-outs in the form required to be included in connection with a Court filing, hearing, or trial, and of only the specific pages actually cited in the Court filing and that are directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered. For the sake of clarity, a Court filing may not consist of excerpts containing more than five (5) pages of continuous Source Code. To the extent portions of Source Code are quoted in a Court filing, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE; or (2) those pages containing

quoted Source Code will be separately stamped and bound and treated as RESTRICTED CONFIDENTIAL SOURCE CODE. Images or copies of Source Code shall not be included in correspondence between the parties. To the extent the receiving Party needs to identify or address deficiencies in or issues pertaining to the source code production in correspondence, the receiving Party is permitted to include source code filenames and/or file paths identifying the subject source code via encrypted electronic means.

11. Absent the written consent of the producing Party, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material of a technical nature (e.g. excluding documents that are related to the financial information of a party) that is designated RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED – CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute,

supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court. Counsel for any producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), and translators, any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEY' EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting

Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all

documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. Outside counsel of record in this Action for the Parties may, however, retain for their records a single copy of any pleadings, contentions, discovery requests/responses, deposition transcripts, and/or expert reports that constitute DESIGNATED MATERIAL. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the

Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

28. A receiving Party (including its counsel and their staff, experts, contractors, and consultants) shall not enter any information from a producing Party's DESIGNATED MATERIAL into publicly accessible artificial intelligence (AI) platform, such as ChatGPT, or any publicly accessible machine translation services like Google Translate that may result in the information becoming available to unauthorized parties, provided however, that a receiving Party (including its counsel and their staff, experts, contractors, and consultants) shall be permitted to engage reputable translation vendors to translate information from a producing Party's DESIGNATED MATERIAL with the understanding that such vendors may use secure machine translation tools (e.g.., offline proprietary software that runs locally on the vendor's computers or proprietary software that utilizes

private cloud-based technology). The receiving Party hiring such a vendor is responsible for reporting any breaches or loss of the producing Party's data by the vendor (to the extent the Party hiring such vendor is aware of any breach) to the producing Party immediately upon becoming aware of the breach and the receiving Party shall use reasonable efforts to investigate the breach or loss of data as soon as possible.

29. A receiving Party (including its counsel and their staff, experts, contractors, and consultants) may input, upload, or otherwise enter documents containing a producing Party's DESIGNATED MATERIAL into or through enterprise-grade AI Tools subject to the following restrictions: (i) a receiving Party shall not use any information from a producing Party's DESIGNATED MATERIAL to train, fine-tune, improve, or evaluate any AI Tool except for purposes of technology assisted review (TAR) for use in connection with this litigation only; (ii) Any AI-generated output containing, reflecting, or derived from a producing Party's DESIGNATED MATERIAL shall be treated and designated in the same manner as the underlying DESIGNATED MATERIAL; and (iii) the receiving Party shall employ reasonable safeguards for any AI/TAR use permitted under this Order with respect to a producing Party's DESIGNATED MATERIAL.

30. Notwithstanding any other provision of this Order, under no circumstances shall a receiving Party input, upload, or otherwise enter any of a producing Party's Source Code Material or information derived therefrom into or through any AI Tool or any TAR system or workflow.

31. No Party may remove, or cause to be removed, Protected Material produced by another Party from the territorial boundaries of the United States of America or permit any person who is not a U.S. citizen, a lawful permanent resident of the U.S. ("green card holder"), or

an asylee or refugee legally admitted to the United States under the administration of U.S. citizenship and immigration services (USCIS) to review any such Protected Material. Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, exclusive of material designated RESTRICTED CONFIDENTIAL SOURCE CODE, and to the extent and only if otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition in this litigation taken in a foreign country. Moreover, no specially designated national is permitted to review Protected Material in any manner whatsoever. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed-to procedures conform with applicable export control laws and regulations.

32. Data Breach. In the event any Party encounters a Data Breach, the other Parties shall reasonably cooperate with the Party who experienced the Data Breach in investigating any apparent unauthorized access or breach of Protected Materials. Any Party who experiences a Data Breach shall reasonably provide written notice of the breach to the other Parties as soon as is practicable and in no event later than 14 days from obtaining knowledge of the breach, said notice to include complete information on all of the applicable facts and circumstances leading up to and resulting from the incident of the Data Breach. A Party who experiences a Data Breach shall bear the losses and expenses (including attorneys' fees) associated with the unauthorized access of Protected Materials.

**So ORDERED and SIGNED this 23rd day of October, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE United States District Court**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| LEPTON COMPUTING LLC, a Delaware Limited Liability Company,<br><br>*Plaintiff*,<br><br>*v.*<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, and SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation,<br><br>*Defendants*. | Civil Action No. 2:26-cv-00338<br><br>**JURY TRIAL DEMANDED** |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULRANTS REGARDING**
**PROTECTIVE ORDER**

I, ______________________________________________, declare that:

1. My address is ____________________________________________________________.

   My current employer is ______________________________________________________.

   My current occupation is ____________________________________________________.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as “CONFIDENTIAL,”

"RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Signature ________________________________________

Date ____________________________________________